IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN HILL, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SFR EQUITIES, LLC | : | NO. 20-MC-00007 |

MEMORANDUM

Bartle, J.                                                       February 28, 2020

       This miscellaneous action arises out of post-judgment execution proceedings. Before the court is the motion of non-party CHGO Real Estate Consulting Group, LLC ("CHGO"), pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, to quash a document subpoena served on it by judgment creditor Warren Hill, LLC ("Warren Hill").

       On December 3, 2019, this court entered a $6,226,688 judgment in favor of Warren Hill in Warren Hill, LLC v. SFR Equities, LLC, Civil Action No. 18-1228, 2019 WL 6498060 (E.D. Pa. Dec. 3, 2019), a breach of contract action. The defendant and now judgment-debtor in that action, SFR Equities, LLC ("SFR"), failed to pay Warren Hill what was due under a purchase agreement of Warren Hill's interest in an Illinois limited liability company named Vendor Assistance Program, LLC ("VAP"). SFR has appealed this court's decision but has not posted any bond to stay execution of the judgment. See Fed. R. Civ. P. 69(a)(1).

To obtain discovery in aid of execution, Warren Hill served subpoenas issued out of this District on non-parties CHGO and Bridgeview Bank Group in Illinois.[1] CHGO moved to quash the subpoena in the United States District Court for the Northern District of Illinois. That court transferred the motion here. See Fed. R. Civ. P 45(f).

"In aid of [a] judgment or execution, the judgment creditor . . . whose interest appears of record may obtain discovery from any person." Fed. R. Civ. P. 69(a)(2). To obtain discovery from a non-party under Rule 69, a judgment creditor must subpoena that party in accordance with Rule 45 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 45. A party who is served a subpoena may then move to quash or modify the subpoena. Id. "[T]he court . . . must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter . . . or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Generally, discovery must also be limited to materials relevant to a dispute. See Fed. R. Civ. P. 26(b)(1). The party seeking to quash or modify a subpoena has the burden of proof. CedarCrestone Inc. v. Affiliated Computer Servs. LLC, Civil Action No. 14-MC-0298, 2014 WL 3055355, at *3 (M.D. Pa. July 3,

---

1. Bridgeview Bank Group holds accounts for SFR and CHGO. It did not move to quash Warren Hill's subpoena and has complied.

2014); Williams v. Blagojevich, Civil Action No. 05-4673, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008).

We held a hearing on the motion of CHGO to quash Warren Hill's subpoena. CHGO argued that the subpoena demands discovery not relevant to execution of the judgment. CHGO also asserted that producing the documents demanded by Warren Hill will cost between $50,000 and $100,000 which will cause it undue burden. Warren Hill countered that the documents sought are highly relevant because CHGO and SFR have engaged in fraudulent transfers in order to dissipate SFR assets otherwise subject to this court's judgment. Warren Hill also maintained that CHGO has not established any undue burden.

It is undisputed that for some period of time SFR owned a 50% membership interest in CHGO. It appears that SFR had this ownership interest during the pendency of the underlying litigation. It is clear from SFR's bank records that large sums of money flowed from SFR to CHGO while various court rulings were being made adverse to SFR in the underlying litigation prior to the entry of the judgment. Warren Hill has further demonstrated that SFR transferred its interest in CHGO for no consideration to its parent, Neptune Investors, LLC.[2] We

---

2. SFR's assignment of its interest in CHGO is memorialized in an Assignment of Membership Interest agreement which purports to be effective as of January 1, 2018. Warren Hill maintains the

-3-

find that the discovery sought by the subpoena served on CHGO is highly relevant to the execution of this court's judgment except for documents dated prior to January 1, 2017, a time before the dispute between Warren Hill and SFR arose.  See Fed. R. Civ. P. 26(b)(1).

CHGO has not presented any evidence through affidavits or otherwise to support its assertion of the cost to produce the documents demanded.  Thus CHGO has failed to show undue burden.  See Fed. R. Civ. P. 45(d)(1) and (d)(3)(A)(iv).

For the reasons stated above, we will grant in part and deny in part the motion of CHGO to quash the subpoena served on it by Warren Hill.

---

agreement was back dated in furtherance of a scheme to fraudulently transfer SFR assets.